ROYAL GLOBE INSURANCE COMPANY, Plaintiff-Appellant, *v.* AETNA INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 78-1292

Opinion filed March 31, 1980.

Goldenson, Kiesler, Berman and Brenner, of Chicago (Robert L. Kiesler and Valerie S. Green, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Leonard C. Swanson and Craig M. White, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Royal Globe Insurance Company, brought a declaratory judgment action against defendant, Aetna Insurance Company, to determine the rights of the parties with respect to concurrent liability insurance policies. The trial court granted defendant's motion to dismiss the complaint. We reverse and remand.

Royal Globe issued a business liability insurance policy to Monticello Realty Company. Aetna issued a public liability and garage liability policy to Ganser-Oguss Parking, Inc., a company which operated a parking garage in a building for which Monticello was the managing agent. In September 1975, Monticello was listed as an additional insured under the Aetna policy.

During the effective period of the two policies, a claim for injuries suffered in the parking garage was made against Monticello and Ganger-Oguss. This claim was subsequently referred to Aetna and Royal Globe.

Despite an earlier letter to Monticello from Aetna indicating that Aetna would undertake defense and/or payment of the claim, Aetna refused to participate in settlement negotiations. The claim was subsequently settled by Royal Globe on behalf of Monticello. Royal Globe alleges that settlement was based on facts which indicated fault on the part of Monticello and lack of fault on the part of the injured party. Thus, according to the complaint, Royal Globe did not make payment as a volunteer.

Royal Globe made a demand on Aetna to pay one-half of the settlement since Aetna was a concurrent insurer of Monticello. Aetna refused to make such payment.

The issue presented for review is whether the complaint states a cause of action for declaratory relief. There are two basic requirements for bringing an action for declaratory relief. First, there must be an actual controversy. (Ill. Rev. Stat. 1977, ch. 110, par. 57.1(1).) This requires a legitimate dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300.) We believe that Royal Globe has sufficiently alleged a legitimate dispute regarding its right to obtain contribution from Aetna.

■■ In insurance law, contribution is an equitable principle arising among co-insurers which permits one who has paid the entire loss to be reimbursed from other insurers who are also liable for the loss. (6 Appleman, Insurance Law & Practice §3902, at 422 (1972).) The reason for this rule is that one insurer has paid a debt which is equally owed by the other insurers. *Commercial Union Insurance Co. v. Farmers Mutual Fire Insurance Co.* (Mo. App. 1970), 457 S.W.2d 224, 226; 16 Couch on Insurance §62:141, at 560-61 (2d ed. 1966).

■■ The fact that an insurer undertakes the burden of a full settlement payment prior to a possible judgment does not mean that the insurer is a volunteer. It is therefore not precluded from recovering contribution from other insurers liable for the same loss. (*St. Paul Fire & Marine Insurance Co. v. Allstate Insurance Co.* (1975), 25 Ariz. App. 309, 543 P.2d 147, 149-50; 8 Appleman, Insurance Law & Practice §4913, at 398 (1962).) In order for the settling insurer to recover, however, it must prove all facts necessary to the claimant's recovery against the insured as well as the reasonableness of the amount paid. (*Carolina Casualty Insurance Co. v. Oregon Automobile Insurance Co.* (1965), 242 Ore. 407, 408 P.2d 198, 200; see 8 Appleman §4913, at 399.) Additionally, in any contribution action, there must be an identity between the policies as to parties and insurable interests and risks. *Republic Insurance Co. v. United States Fire Insurance Co.* (1968), 166 Colo. 513, 444 P.2d 868, 870; 16 Couch §62:160, at 570.

■ In the present case, Royal Globe alleges the existence of concurrent insurance policies which provided coverage to Monticello for the same claim. It also alleges that it paid the entire loss for which Aetna was equally liable. In order to recover, of course, Royal Globe will have to establish all facts necessary to the claimant's recovery against its insured and the reasonableness of the amount paid. But, Royal Globe is not a volunteer merely because it settled the claim. In sum, the allegations are sufficient to establish an actual controversy regarding Royal Globe's right to obtain contribution from Aetna. Royal Globe has therefore fulfilled this first requirement for declaratory relief.

The second requirement for bringing an action for declaratory relief is that the party bringing the action must be "interested in the controversy." (Ill. Rev. Stat. 1977, ch. 110, par. 57.1(1).) This means that the party seeking relief must have a personal claim or right which is capable of being affected. *Underground Contractors*, 66 Ill. 2d 371, 376, 362 N.E.2d 298, 301.

■ Here, Aetna contends that Royal Globe is not interested in the controversy because there is no legal relationship between them. Aetna argues that there is no allegation of an assignment of rights, a subrogation right or an independent contract between Royal Globe and Aetna. These allegations, however, are not necessary in an action for contribution. The right to contribution has its basis in equity rather than in contract. (*Commercial Union*, 457 S.W.2d 224, 226.) The right does not arise by way of an independent agreement between the parties. (*Commercial Union*, 457 S.W.2d 224, 226.) Nor does it arise by way of subrogation. (*Carolina Casualty*, 408 P.2d 198, 203.) Instead, the right arises when one insurer pays money for the benefit of another insurer. (*Carolina Casualty*, 408 P.2d 198, 203.) Since Royal Globe alleged in its complaint that it paid money for the benefit of Aetna, the complaint states a personal claim capable of being affected. Thus, Royal Globe has fulfilled this second requirement for declaratory relief.

Aetna also argues that Royal Globe does not possess any claim or right which entitles it to seek a declaration of rights *under the Aetna policy*. In its complaint, Royal Globe asks the court to declare the rights and liabilities of the parties "under the terms and provisions of said policy of insurance." Although Royal Globe does not have any rights under the Aetna policy, we do not think that the inclusion of this request is fatal to Royal Globe's complaint. The remedy of declaratory judgment is not to be restricted by technicalities. (*Department of Illinois Disabled American Veterans v. Bialczak* (1976), 38 Ill. App. 3d 848, 853, 349 N.E.2d 897, 901.) The complaint sufficiently states an actual controversy for contribution, and Aetna was reasonably informed of this claim. (Ill. Rev. Stat. 1977,

ch. 110, par. 42(2).) The court may properly declare the rights of the parties with respect to the controversy.

■■ When confronted with a motion to dismiss a complaint for declaratory judgment, the trial court must deny the motion unless it appears that a plaintiff is entitled to no relief on the facts alleged. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 301, 390 N.E.2d 428, 432; *La Salle Casualty Co. v. Lobono* (1968), 93 Ill. App. 2d 114, 119, 236 N.E.2d 405, 408.) Here, the complaint states a claim for contribution for which Royal Globe may be entitled to relief. Accordingly, the trial court erred in granting the motion to dismiss.

The order granting defendant's motion to dismiss is reversed. The case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

McGILLICUDDY, P. J., and SIMON, J., concur.