(No. 84-CC-192

COUNTY OF ST. CLAIR, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 31, 1984.*

*Order on motion for rehearing filed March 25, 1985.*

GARY L. BEMENT, Assistant State's Attorney, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause comes on to be heard on motion of the Respondent to dismiss the Claimant's claim of $953.01 due to the fact that sufficient appropriated funds were not available at the end of Fiscal Year 1983 to pay this claim.

Respondent urges us that this expenditure is subject to the ordinary restriction that public monies must be appropriated by the General Assembly in order to be expended.

The instant case arises because the General Assembly legislated that the funds previously approp-

riated be reduced through a device known as "contingency reserves." This authorization is contained in the Emergency Budget Act (P.A. 82-1038, approved December, 1982).

The Act withstood vigorous constitutional attack by a divided Supreme Court of Illinois in *Warrior v. Thompson* (1983), 96 Ill. 2d 1, 449 N.E.2d 53.

The specific legislative intent (*i.e.* to "reserve" appropriations) being easily ascertainable, this Court has no alternative but to deny the claim.

Claimant, subsequent to Respondent's motion, filed its motion to amend complaint. Because of the disposition of Respondent's motion, Claimant's motion is moot.

It is therefore ordered that the claim be dismissed, with prejudice.

## ORDER ON REHEARING

RAUCCI, J.

This cause having come for consideration on the Respondent's objection to Claimant's motion for rehearing and the Court being duly advised in the premises:

Finds, that the Claimant is asking for a rehearing on a matter which is already moot. Claimant asks that this Court decide the "merits" of this case. However, in order for the Court to decide this case there is need for an actual controversy. (*Royal Glove Insurance Company v. Aetna Insurance Company*, 82 Ill. App. 3d 1003, 403 N.E.2d 680; *Midwest Petroleum Marketer Association v. City of Chicago*, 82 Ill. App. 3d 494, 402 N.E.2d 709.) Furthermore, a claim for declaratory relief,

standing alone, does not keep an otherwise moot claim alive. (*Simpson v. Miller*, 93 F.D.R. 540.) A moot case can not support an entry of declaratory judgment with regard to future rights. *(Berg v. City of Chicago*, 97 Ill. App. 2d 410, 240 N.E.2d 344.) Declaratory judgment procedure is not intended to permit litigation of moot or hypothetical cases. *Clyde Savings & Loan v. May Department Stores*, 100 Ill. App. 3d 189, 426 N.E.2d 955.

It is hereby ordered, that as this case has been decided, and the issue is moot, the motion for rehearing is denied.