736 P.2d 800

**INDUSTRIAL INDEMNITY COMPANY, a California corporation, Plaintiff/Appellee,**

v.

**Thomas BEESON and Jane Doe Beeson, husband and wife; Richard Impson and Jane Doe Impson, husband and wife; and Horace Mann Mutual Insurance Company, an Illinois corporation, Defendants/Appellants.**

No. 2 CA–CV 5879.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 31, 1986.

Reconsideration Denied Feb. 10, 1987.

---

1. Kema Steel did not file a separate brief. It joined in the brief of Industrial Indemnity.

**318**

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Larry L. Smith and Steven D. Smith, Phoenix, for plaintiff/appellee.

Weyl, Guyer, MacBan & Olson by Suzanne P. Clarke and Jerry Steele, Phoenix, for defendants/appellants.

OPINION

LIVERMORE, Presiding Judge.

In March 1973 a student was seriously injured while using a trampoline at a Phoenix high school. Suit was brought against the Phoenix Union High School District. Two theories of liability were presented: (1) that the District was negligent in permitting the use by students of something so dangerous as a trampoline; and (2) that two coaches, defendants Beeson and Impson, were negligent in allowing the particular student to use the trampoline given the facts known to them. On the eve of trial, the case was settled by the insurer for the District, plaintiff Industrial Indemnity Company. It sought what it termed indemnification or contribution from the insurer of the coaches, defendant Horace Mann Mutual Insurance Co., and recovered $257,-000. On appeal, Division One of this court reversed that judgment, ruling that indemnification was unavailable against one's own insured, as the coaches were under the District's policy, and remanded for a determination whether equitable contribution was available against Horace Mann. *Industrial Indemnity Co. v. Beeson*, 132 Ariz. 503, 647 P.2d 634 (App.1982). The court held that the issue to be tried was whether "Industrial Indemnity and Horace Mann insured the same risk, the negligence of Beeson and Impson." The court went on to say that settlement was reasonable and the proration appropriate if contribution was available. On remand the trial court construed the opinion to allow recovery on a showing by Industrial Indemnity of a prima facie case of negligence if Horace Mann "had reasonable opportunity actually to defend or to participate in the defense or settlement negotiations in a meaningful way" in the initial suit. Finding that it did and that a prima facie case of liability existed, the trial court again entered judgment in favor of Industrial Indemnity. Horace Mann asserts that the trial court erred in permitting recovery without a showing by a preponderance of evidence that the coaches were negligent and by not permitting as a defense that the

District was also negligent. We agree in part and reverse.

■ In a situation unique to indemnification law, some courts have held that a showing of potential liability is sufficient where the indemnitor has received notice and an opportunity to defend. *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296 (5th Cir.1973), *cert. denied*, 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974). Industrial Indemnity seeks to extend that authority to this case. For several reasons we hold that it cannot. First, we believe the prior opinion, the law of this case, contemplated a trial on the merits when it observed that Horace Mann had no duty to defend the initial action and that it would be anomalous to bind it by that action. That language is inconsistent with *Parfait* and with the notion, adopted in Arizona, of being bound in indemnity by an earlier judgment if tendered the defense of that action. *Foremost-McKesson Corp. v. Allied Chemical Co.*, 140 Ariz. 108, 680 P.2d 818 (App.1983). Second, we have been cited no authority for applying indemnification principles to the law of equitable contribution. What authority there is points the other way. See *Royal Globe Ins. Co. v. Aetna Ins. Co.*, 82 Ill.App.3d 1003, 38 Ill.Dec. 449, 403 N.E.2d 680 (1980); *Carolina Casualty Ins. Co. v. Oregon Automobile Ins. Co.*, 242 Or. 407, 408 P.2d 198 (1965). Third, even if indemnification principles were applied there was no duty to defend in this case because of the conflict of interest between Industrial Indemnity and Horace Mann. It was in Horace Mann's interest to assert that the sole negligence was the District's in permitting the use of trampolines and thus the only applicable insurance was that of Industrial Indemnity. It was in Industrial Indemnity's interest to argue that the sole negligence was that of the coaches so that it could reduce its liability by seeking contribution from Horace Mann. In these circumstances, a properly notified indemnitor need not defend and is free to contest the basis of its liability in a subsequent action. Restatement (Second) of Judgments § 57 (1982). Accordingly, this case must be remanded for a trial of the issue of the liability of the coaches.

■ Horace Mann also asserts that it cannot be liable if the trampoline injury was the result of the negligence of both the coaches and the District because that would permit contribution among joint tortfeasors, forbidden at the time of this action by Arizona law. But this assertion rests on the flawed premise that an insurer of two tortfeasors is to be treated, when seeking contribution from a co-insurer of one of the tortfeasors, as if it were the other tortfeasor. Whatever policies underlay the rule forbidding contribution between joint tortfeasors, now rejected in Arizona, they surely did not apply to those free from individual fault seeking contribution for a liability which they share in an equal amount and for the same risk. See *Arizona Joint Underwriting Plan v. Glacier General Assurance Co.*, 129 Ariz. 351, 631 P.2d 133 (App.1981).

■ Industrial Indemnity has moved to dismiss the appeal on the ground that Horace Mann should have earlier sought special action relief. We are cited no authority for the proposition that failure to seek early relief by way of special action is a waiver of the right to appeal and we decline to adopt it. We can imagine nothing more likely to disrupt sound judicial administration than that notion. It would invite interlocutory appeals on all matters for fear of losing the right to appeal. The resulting deluge would effectively immobilize appellate courts.

The case is remanded for trial of defendants' liability.

FERNANDEZ and LACAGNINA, JJ., concur.