(Nos. 84-CC-3046, 85-CC-2758 not cons.—)

DePaul University and University of Illinois, Claimants, *v.* The State of Illinois, Respondent.

*Order filed May 6, 1987.*

Mitchell, Russell & Kelly, for Claimant DePaul University.

Norman Jeddeloh, for Claimant University of Illinois.

Neil F. Hartigan, Attorney General (Kathleen O'Brien, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

These two Claimants brought these claims seeking tuition payments for various students. In their standard "lapsed appropriation" form complaint they alleged that they demanded payment from the Illinois State Scholarship Commission (hereinafter ISSC) but that their demands were refused on the grounds that the funds appropriated for the payments have lapsed. Both claims are against fiscal year 1983 funds.

The Respondent moved to dismiss on the grounds that an insufficient amount of funds lapsed in the FY83 line item appropriation to cover the amount of these claims. In its motion filed in the University of Illinois case, Respondent adds that the ISSC was unable to pay that claim during the fiscal year because the appropriation was reduced by the Governor as authorized by the Emergency Budget Act (P.A. 82-1038 approved December, 1982).

Claimant University of Illinois did not respond to the motion to dismiss. Claimant DePaul University did respond. In its response, DePaul University argues that payment of the tuition is within the "expressly required by law" exception to the general rule that this Court will not make an award in lapsed appropriation claims when insufficient funds have lapsed. In support of its position, Claimant cited the language of the Higher Education Student Assistance Law (Ill. Rev. Stat. 1983, ch. 122, par. 30—15 *et seq.*), which was enacted to provide a "system

of financial assistance of scholarships, grants, and guaranteed loans for qualified institutions of their choice in the state, public or private." Claimant also cited language at par. 30—15.8(a) that the institution ". . . shall be entitled to the payments of tuition and other necessary fees provided by the scholarship or grant. . . ." Further, Claimant pointed out that the law also allowed qualified institutions such as DePaul the right to an advance payment up to 75% of the awards to such institution's students prior to providing the students with the education for which the awards were made. In event that the institution does not provide the requisite educational services, the advance payment must be refunded. (Ill. Rev. Stat., ch. 122, par. 30—15.9(b).) In this case, Claimant stated it has fulfilled its contractual obligation of providing certain educational services to students qualified by the ISSC and is entitled to the compensation expressly provided by statute. If the Respondent's motion to dismiss is granted, Claimant argues, "it would not only penalize DePaul for its failure to request advance payment of awards, but would also frustrate the purpose of the specific statute authorizing the awards and would be contrary to the specific language thereof."

We fully understand the Claimant's position and are not unsympathetic. However, we are constrained to abide by the Emergency Budget Act and must deny the claim. *County of St. Clair v. State* (1984), 37 Ill. Ct. Cl. 297.

It is hereby ordered that these claims be, and hereby are, denied.