INSURANCE COMPANY OF ILLINOIS, Plaintiff-Appellee, v. SAFEWAY INSURANCE COMPANY, Defendant-Appellant.

First District (2nd Division)   No. 1—90—3148

Opinion filed August 11, 1992.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellant.

James M. Dupree, of Chicago, for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Insurance Company of Illinois (ICI) sued Safeway Insurance Company (Safeway) for contribution to an arbitrator's award against ICI on a claim filed by a person allegedly insured by both ICI and Safeway. The trial court granted summary judgment in favor of ICI and Safeway appeals.

On August 3, 1987, a car driven by an uninsured motorist struck and injured Thomas Vaughn, a minor, while he was riding his bicycle. Thomas is the son of Linford and Lucille Vaughn, who were living separately at the time of the accident. ICI provided uninsured motorist coverage to Linford at that time, and Safeway provided uninsured motorist coverage to Lucille. Thomas, through his attorney, demanded arbitration of his claims against ICI and Safeway, but he subsequently withdrew his demand for arbitration against Safeway. The arbitrator awarded Thomas Vaughn $6,400 from ICI.

ICI then brought this suit against Safeway for half of the award and half of the attorney fees ICI expended in the arbitration. In its complaint, ICI alleged that Safeway insured Thomas under the policy issued to Lucille, just as ICI insured him under Linford's policy. Safeway neither admitted nor denied coverage for Thomas.

Both Safeway and ICI moved for summary judgment, and each supported its motion with a copy of its policy. Safeway's policy covered Lucille and any family members residing in her household for injuries caused by uninsured motorists. ICI's policy provided similar coverage for Linford and family members residing in his household. Both policies provided that if the insured had other uninsured motorist coverage applicable to an accident, the insurer's liability would be limited to the proportionate share which its policy limits bear to the sum of the applicable policy limits. ICI's policy had a limit of $25,000 coverage for injury to one person, while Safeway's policy limit was $15,000.

The trial court granted ICI's motion for summary judgment, finding that ICI's right to contribution arose when Thomas withdrew his demand for arbitration of his claim against Safeway. The court ordered Safeway to pay a prorated share of the arbitrator's award, but it denied ICI's request for fees.

■ Safeway contends that ICI has no right to enforce Safeway's insurance contract with Lucille. ICI answers that it is not seeking to enforce the contract; rather, it seeks contribution from Safeway. Contribution is an equitable doctrine which is not based on an agreement of the parties or subrogation. (*Royal Globe Insurance Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 1003, 403 N.E.2d 680.) "[T]he right [to contribution] arises when one insurer pays money for the benefit of another insurer." *Royal Globe Insurance Co.*, 82 Ill. App. 3d at 1006, 403 N.E.2d at 683.

According to ICI's complaint, that is exactly what happened here. ICI claims that Safeway provided uninsured motorist coverage for the injuries Thomas suffered, and the arbitrator's award against ICI fully

compensates Thomas for those injuries. The money ICI paid which Thomas could equally have sought from Safeway constitutes money paid for Safeway's benefit.

■ For an insurer to recover contribution from another insurer, "it must prove all facts necessary to the claimant's recovery against the insured." (*Royal Globe Insurance Co.*, 82 Ill. App. 3d at 1005, 403 N.E.2d at 682.) Without such proof, the insurer has failed to show that its payment benefited the other insurer.

■ Safeway argues that the record does not establish all facts necessary to Thomas' recovery against Safeway. Safeway's policy provided coverage for Thomas only if he was a resident of Lucille's household. ICI presented no affidavits or other evidence purporting to show that Thomas resided with Lucille. Although Thomas is Lucille's son, Linford and Lucille resided in separate households, and the arbitrator found that ICI owed Thomas $6,400 under a policy which provided coverage for him only if he resided with Linford. ICI asserts in its brief that Thomas spent his time equally with both of his parents, but there is no evidence in the record to support this assertion. Thus, ICI has not presented evidence to prove that Thomas was covered by Safeway's policy, or that Safeway owed any payment to Thomas. To use the terms of ICI's other insurance clause, ICI has not shown that Safeway's policy is applicable to this accident.

Also, Safeway's policy requires written proof, under oath, in support of any claim under the uninsured motorist provision of the insurance contract. Unless Thomas or Lucille provided such a statement, Safeway had no obligation to pay or even to arbitrate their claim. (See *Emcasco Insurance Co. v. Alvarez* (1969), 110 Ill. App. 2d 307, 249 N.E.2d 190.) ICI presented no evidence that Lucille or Thomas fulfilled this policy condition. Without evidence that the Vaughns fulfilled the conditions entitling them to recovery against Safeway, the trial court could not find that ICI met its burden of proving, as a plaintiff moving for summary judgment, that its right to recovery was clear and free from doubt. *Ravin v. A.H. Robins Co.* (1989), 182 Ill. App. 3d 46, 538 N.E.2d 164.

Safeway also claimed, as an affirmative defense, that Lucille, Linford and Thomas Vaughn were necessary parties to this action.

> "A necessary party is one whose presence is required: (1) to protect an interest in the subject matter of the controversy which would be materially affected by a judgment entered in his or her absence; (2) to reach a decision which will protect the interests of those before the court; or, (3) to enable the court to make a complete determination of the controversy." *Elliott v.*

*Chicago Title Insurance Co.* (1984), 123 Ill. App. 3d 226, 231, 462 N.E.2d 640, 644.

Here, the trial court ordered Safeway to pay ICI a share of the arbitrator's award based on the uninsured motorist coverage provided in the policy Safeway issued to Lucille. Lucille and Thomas are not parties to this action, so ICI's recovery from Safeway should not bar them from bringing another claim against Safeway based on the same incident. To protect Safeway's interests, it appears that Lucille and Thomas should be made parties to this lawsuit. If ICI's recovery from Safeway could bar Lucille and Thomas from making a claim against Safeway, this case materially affects their interests. In either case they are necessary parties.

Finally, Safeway asks this court to enter judgment in its favor, arguing that ICI cannot recover contribution in this action because the two policies do not cover the same parties and insurable interests. (See *Royal Globe Insurance Co.*, 82 Ill. App. 3d at 1005, 403 N.E.2d at 682.) ICI alleged in its complaint that Thomas was covered under both Safeway's policy and ICI's policy and that both policies provided uninsured motorist coverage. The fact that Safeway's policy also covers Lucille, while ICI's policy covers Linford, does not vitiate the identity of parties necessary for contribution if Thomas is, in fact, covered by both policies. (See *Royal Globe Insurance Co.*, 82 Ill. App. 3d 1003, 403 N.E.2d 680 (in which one insurer provided coverage for a party not covered by the other insurer, but since the claim was not made on behalf of that party, the parties were considered identical for purposes of insurer's contribution claim).) Because both policies provided primary uninsured motorist coverage, they cover the same pertinent insurable interests and risks.

Therefore, ICI could recover contribution from Safeway if it joined Lucille and Thomas as parties and proved the facts necessary for Thomas to recover from Safeway. The summary judgment for ICI is reversed and the cause is remanded for further proceedings in accord with this opinion.

Reversed and remanded.

HARTMAN, P.J., and DiVITO, J., concur.