903 P.2d 609

**AMERICAN CONTINENTAL INSUR-
ANCE COMPANY, INC., Plain-
tiff/Appellee/Cross–Appellant,**

v.

**AMERICAN CASUALTY COMPANY OF
READING, PA., Defendant/Appel-
lant/Cross–Appellee.**

No. 2 CA–CV 94–0321.

Court of Appeals of Arizona,
Division 2, Department B.

March 31, 1995.

Reconsideration Granted May 18, 1995.

Review Denied Sept. 26, 1995.*

Gallagher & Kennedy, P.A. by Robert J.
Milligan and Thomas A. Langan, Phoenix, for
defendant/appellant/cross-appellee.

Jones, Skelton & Hochuli by William R.
Jones, Jr., Lori A. Shipley, and David C.
Lewis, Phoenix, for plaintiff/appellee/cross-
appellant.

## OPINION

ESPINOSA, Presiding Judge.

Appellant American Casualty Company of
Reading (American) appeals from a judg-
ment in favor of appellee American Continen-
tal Insurance Company, Inc. (ACIC) on its
equitable contribution claim. ACIC cross-
appeals from the trial court's finding that
American was an excess insurer. We affirm.

This action arises out of a medical mal-
practice case in which the facts are undisput-
ed. In May 1989, Ken Gardiner fell off an
all-terrain vehicle hurting his back and neck.
He went to the emergency room at Lincoln
Hospital for treatment and the attending
physician prescribed intermuscular injections
of Demerol and Valium. A hospital nurse
administered these injections while Gardiner
was sitting, unsecured, on the edge of a
gurney bed. The standard of care requires
that such injections be given while a patient
is in a prone position. After the second
injection, Gardiner fainted and fell off the
bed striking his head with the full weight of
his body behind him. As a result of the fall,
Gardiner was rendered a quadriplegic.

ACIC had issued a Hospital Liability In-
surance Policy (liability) and a Hospital Um-
brella Liability Policy (umbrella) to John C.
Lincoln Hospital (Lincoln Hospital). The lia-
bility policy provided limits of $1,000,000 per
occurrence and the umbrella policy provided
excess coverage of $10,000,000 per occur-

* Corcoran, J., of the Supreme Court, did not par- ticipate in the determination of this matter.

rence. Both policies obligated ACIC to defend and indemnify the insured against claims based on allegations of medical malpractice, and defined "insured" as including Lincoln Hospital and its employees. The nurse was employed by the hospital when the malpractice occurred and was thus insured by ACIC. She also had a personal professional nurse's liability policy issued by American that provided liability limits of $1,000,000 per occurrence. All three policies contained "other insurance" clauses allocating liability between insurance companies when overlapping or concurrent coverage existed.

Gardiner filed suit against Lincoln Hospital, the attending physician, and Emergency Medicine Consultants in Maricopa County. Although the complaint referred to the negligence of the hospital's "employees and/or agents," the nurse was never named as a defendant in the lawsuit. ACIC advised American of Gardiner's claim, however, and invited American to participate in the settlement, which it refused to do. ACIC also made a demand against American for indemnity and/or contribution as the nurse's insurance carrier.

After ACIC settled the underlying action, it sued American, seeking recovery for a portion of the settlement payment and defense costs. ACIC's theories of recovery included indemnity, statutory contribution, equitable contribution, equitable subrogation and bad faith. American moved for summary judgment on all counts. ACIC filed a cross-motion for summary judgment, which the trial court granted, concluding that ACIC was entitled to seek equitable contribution. ACIC and American stipulated that the settlement in the underlying action was reasonable, and that fifty percent of Lincoln Hospital's liability in the underlying action arose from the nurse's conduct.

ACIC also filed a motion for summary judgment on the issue of proration and the "other insurance" clauses. American responded with a cross-motion for summary judgment. The trial court granted ACIC's motion in part and denied American's cross-motion, stating that "[ACIC's] policy must be exhausted first with [American's] policy being used next and any balance to be covered by [ACIC's] excess (umbrella) policy." Based on this, its prior ruling and the stipulation, the trial court entered a judgment in favor of ACIC for the $1,000,000 policy limits.

## Equitable Contribution

■ On appeal, American contends that the trial court erred in granting summary judgment on ACIC's equitable contribution claim. The premise of American's argument appears to be that ACIC cannot require American to contribute to its settlement and defense costs unless American was obligated to defend or indemnify the nurse, and since she was never sued in the underlying action, a claim was never made against her, thus, she was never exposed to liability or the obligation to pay damages. Consequently, American argues, it had no duty to defend or indemnify the nurse, and ACIC's claim of equitable contribution must fail. We disagree.

At the outset, American's argument fails to recognize the difference between a recovery based upon indemnity and one based upon equitable contribution. Here, as in *Industrial Indemnity Co. v. Beeson*, 132 Ariz. 503, 647 P.2d 634 (App.1982), *appeal after remand*, 153 Ariz. 317, 736 P.2d 800 (App. 1986), upon which ACIC relies, any action for indemnity would have to be based on the existence of an employer-employee relationship. Contribution, however, is based upon the relationship of two insurers insuring the same risk; it "is not derivative from any third person, but exists as an independent action by one insurer against another." *Id.* at 508, 647 P.2d at 639. Because these theories of recovery are different, that a party is unable to prove the elements of one theory does not necessarily preclude recovery under the other. *Id.*

This case is very similar to *Beeson.* There, the plaintiff had suffered severe spinal cord injuries after falling from a trampoline in a gym class supervised by teachers Beeson and Impson. The plaintiff sued the high school and its "agents, servants and/or employees" for negligence. Beeson and Impson were never named in the suit. Industrial Indemnity Company (Industrial) in-

sured the high school and its employees, including, therefore, Beeson and Impson. The teachers were also insured under a group policy issued by Horace Mann. After undertaking the defense of plaintiff's lawsuit, Industrial invited Horace Mann to participate in the settlement, which it refused. Industrial subsequently settled the lawsuit and sued Horace Mann for contribution and indemnity. The trial court determined that Horace Mann and the individual defendants were liable and entered judgment in favor of Industrial.

On appeal, Division One of this court identified three elements that must be satisfied to establish a claim for equitable contribution: (1) the two insurers must insure the same risk; (2) neither can be the primary insurer;[1] and (3) the loss sustained must be caused by the risk insured against. *Id.* at 508, 647 P.2d at 639. *See also Western Agricultural Insurance Co. v. Industrial Indemnity Insurance Co.*, 172 Ariz. 592, 838 P.2d 1353 (App.1992) (applying similar analysis to contribution claim under fire insurance policy). Although the *Beeson* court reversed the trial court's ruling, it expressly recognized Industrial's right to bring a claim for equitable contribution against Horace Mann, finding that Industrial could not rely on the settlement in the underlying litigation to establish that the parties had insured the same risk (i.e., the negligence of the teachers).

American contends that ACIC has likewise failed to establish that they insured the same risk, relying on a New York case which characterizes the risk as "the malpractice claim and the ... potential liability therefor," not the actual negligence. *Medical Malpractice Insurance Assoc. v. Medical Liability Mutual Insurance Co.*, 450 N.Y.S.2d 191, 193, 86 A.D.2d 476, 479 (App.1982). We are not, of course, bound by this or any other decision from another jurisdiction, and American offers little in the way of purpose or public policy to be served in adopting such a rule. In determining whether a claim for equitable contribution may lie, we see no reason why the question should be limited to

whether a claim was made or a lawsuit filed against the insured. As a California appellate court has observed:

> The equitable contribution doctrine ... is based on the common sense notion that where two indemnitors share equal contractual responsibility for a loss, the selection of which indemnitor is to bear the responsibility for a loss should not be left to the sometimes arbitrary choice of the loss claimant. More importantly, the indemnitor should not be given the incentive to avoid paying a just claim in hopes that the claimant will obtain payment from the co-indemnitor. [Citations omitted.]

*California Food Service Corp. v. Great American Insurance Co.*, 130 Cal.App.3d 892, 901, 182 Cal.Rptr. 67, 72–73 (1982). *See also Western Agricultural Insurance Co.* (unfair to allow loss claimant to make arbitrary choice as to which insurer should pay).

■ Under *Beeson*, one insurer may recover from another insurer whose insured was never named as a party in the underlying lawsuit on the condition the insurer seeking contribution is able to establish the negligence of the mutual insured. Although summary judgment was premature in *Beeson* because the teachers' negligence had not been established, this condition is satisfied in the instant case. The parties stipulated that "fifty percent (50%) of John C. Lincoln Hospital's liability in the underlying action is based upon the conduct of [the nurse]." The nurse's liability having been established, and there being no other disputed issues, summary judgment permitting ACIC to obtain equitable contribution from American was proper.

### Cross–Appeal

In its cross-appeal, ACIC contends that the trial court erred in construing the American policy as "excess to ACIC's primary policy" rather than co-primary. ACIC argues that the "other insurance" clauses contained in the American and ACIC primary policies are contradictory, and therefore, must be considered co-primary, requiring that each

---

1. Appellants suggest that they should not be considered co-primary for purposes of their cross-appeal, *see* discussion *infra*, but did not make such an argument for purposes of equitable contribution in their briefs and appeared to concede this point at oral argument.

pay a pro rata share of the loss. While we are inclined to agree, *see Harbor Insurance Co. v. United Services Automobile Assoc.*, 114 Ariz. 58, 559 P.2d 178 (App.1976), ACIC acknowledges that the resolution of this issue makes no practical difference here due to the size of the settlement and the stipulation between the parties. We therefore do not decide the issue.

Affirmed.

DRUKE, C.J., and HATHAWAY, J., concur.