This is an action by one carrier of liability insurance of the insureds to obtain from another carrier of liability insurance of the insureds the amounts expended by the first carrier in the successful defense of a liability claim against the insureds.
The facts are stipulated by the parties. In brief, the plaintiff's predecessor in interest, hereinafter called the plaintiff, had in force a public liability policy having as the named insureds Meyer Gibor and Arthur Smith, which policy obligated the plaintiff to defend negligence actions brought against the insureds for bodily injury and damages. The defendant's predecessor in interest, hereinafter called the defendant, at the request of a general contractor constructing a building for Gibor and Smith, issued a liability policy naming Gibor and Smith as the insureds. On July 27, 1959, Frank Trainor allegedly fell and was injured in the building being constructed by the general contractor for Gibor and Smith, and Trainor subsequently brought a lawsuit against Gibor, Smith, and the general contractor. The plaintiff made a demand that the defendant defend Gibor and Smith, which demand was rejected by the defendant. Prior to the date of Trainor's injury, control of the building, which was owned by Gibor and Smith, had been turned over to its occupant, First National Stores. The plaintiff retained and paid attorneys to defend Gibor and Smith in the suit brought by Trainor, while the *Page 237 
defendant retained and paid attorneys to defend the general contractor. The reasonable value of the attorneys' fees and expenses incurred by the plaintiff is $9641.67.
The question to be decided here is whether contribution will lie between two insurance companies when each company has issued to the insured a policy containing an agreement to defend a particular lawsuit. This is a case of first impression in Connecticut.
The plaintiff and the defendant had each agreed to defend this lawsuit. The plaintiff, but not the insureds, requested the defendant to defend the action. The defendant refused to do so. The plaintiff then made the successful defense of the lawsuit on behalf of its insureds and is now seeking reimbursement for the expenses of the defense.
One of the conditions in the policies of the plaintiff and the defendant with the insureds is that, if the insureds have other insurance against a loss covered by the policy, the company issuing the policy shall not be liable for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss. Thus, if Frank Trainor had prevailed in his action against Gibor and Smith, the plaintiff could have obtained from the defendant a pro rata share of the judgment granted. CentralStates Fire Ins. Co. v. Jenkins, 220 Ky. 566; note, 54 A.L.R. 88.
The question here is, however, whether the cost of defending a lawsuit may be passed on from one insurer to the other. First of all, Gibor and Smith, the insureds, did not request the defendant to defend the lawsuit brought by Frank Trainor. It was the *Page 238 
plaintiff which made the request of the defendant. There was no contractual relationship between the plaintiff and the defendant; hence the plaintiff could not rightfully demand that the defendant defend the suit. The plaintiff could not claim the costs of defense from the defendant by way of subrogation, because the insureds had no expenses of defense for which they were liable, to be subrogated to. IowaNational Mutual Ins. Co. v. Universal UnderwritersIns. Co., 276 Minn. 362.
The plaintiff, as well as the defendant, had a policy obligation to defend Gibor and Smith. The agreement to furnish a defense to a lawsuit is distinct from and in addition to the insuring agreement as to liability. Westchester Fire Ins. Co. v. Rhoades,405 S.W.2d 812 (Tex.Civ.App.). The great weight of authority, which this court will follow, holds that the duty to defend is personal to each insurer. The obligation is several, and the insurance carrier is not entitled to divide the duty to defend, nor to require contribution for defending from another carrier, without a specific contractual agreement to that effect. Continental Casualty Co. v. Curtis PublishingCo., 94 F.2d 710; Financial Indemnity Co. v.Colonial Ins. Co., 132 Cal.App.2d 207. No such agreement was in effect here.
 Judgment may enter for the defendant.