James **BRAYMAN** and Globe Indemnity
Company, Plaintiffs,

v.

**NORTHWESTERN MUTUAL INSUR-
ANCE COMPANY, Defendant.**

Civ. A. No. C-2029.

United States District Court,
D. Colorado.

Sept. 4, 1974.

Weller, Friedrich, Hickisch & Hazlitt,
by Thomas H. Barrows, Denver, Colo.,
for plaintiffs.

Madden & Strate, by William J. Mad-
den, Denver, Colo., for defendant.

## OPINION AND ORDER

CHILSON, District Judge.

This matter is before the Court upon
the defendant's motion to dismiss for the
failure of the plaintiff to state a claim
upon which relief can be granted. The
questions raised by this motion were
also raised in a "REQUEST FOR RUL-
ING ON ISSUE OF LAW" filed by the
plaintiffs on August 21, 1974.

For the purposes of this motion, the
parties admit that the plaintiff, Globe
Indemnity Company (Globe) and defend-
ant, Northwestern Mutual, both issued
separate policies of liability insurance
upon the same automobile. While the
policies were in force, the automobile
was involved in an accident which led to
litigation. Both policies contain an
agreement on behalf of the insurers to
pay all sums which the insured shall
become legally obligated to pay as dam-
ages because of bodily injuries or prop-
erty damage.

Both policies contain provisions re-
lating to the defense of actions against
the insured. The Globe policy provides
". . . and the Company shall defend
any suit alleging such bodily injury or
property damages and seeking damages
. . .". The Northwestern policy pro-
vides ". . . and the Company shall
have the right and duty to defend any
suit against the insured seeking damages
. . .".

Globe defended the action against the
insured, Northwestern did not.

By this action, Globe attempts to re-
cover from Northwestern, one-half of
the attorney fees and costs of defending
the action.

Northwestern by its motion to dismiss,
takes the position that it is not liable for
one-half or any other portion of the ex-
pense of defending the damage action.

The Court concludes that Northwest-
ern's contention is correct and its motion
to dismiss should be sustained for the
following reasons. In United States Fi-
delity and Guaranty Co. v. Tri-State In-
surance Co., 285 F.2d 579 (10th Cir.
1960), the Court held:

"The agreement to furnish such serv-
ice, (defense of litigation) several with
the two companies, is distinct from and
in addition to the insuring agreement
pertaining to liability. The question
here thus narrows to whether contribu-
tion will lie between two insurance
companies when each has a policy con-

taining a defense agreement. The question has been answered in the negative, and we believe properly so, in a number of cases. The duty to defend is personal to each insurer. The obligation is several and the carrier is not entitled to divide the duty nor require contribution from another absent a specific contractual right."

In 1968, Chief Judge Arraj of this Court in considering a similar problem in Continental Casualty Co. v. Fireman's Fund Insurance Co., (Civil Action 66–C–90, United States District Court for the District of Colorado) also refused reimbursement on account of attorneys fees, costs and expenses advanced by one insurance carrier in defending litigation from another carrier who had insured against liability but did not participate in the defense.

In affirming Chief Judge Arraj, the Tenth Circuit Court of Appeals in Continental Casualty Co. v. Fireman's Fund Insurance Co., 403 F.2d 291 at 336 stated:

"It is here recognized that in various courts within the United States, including courts of final resort, there exists reported authority divergent from that relied upon by the trial court. Applying the language of the insurance policies before them, some of those courts have allowed complete reimbursement of defense expense, while others have directed equal or other proportionate sharing of such expense. In this situation, wherein the Supreme Court of Colorado has not determined its position upon the question involved, in an obvious and acknowledged effort to come upon the course which that state's Supreme Court may reasonably be expected to follow, Chief Judge Arraj has arrived at and expressed his conclusion, adverse in this particular, to Fireman's Fund.

"This court is convinced that the conclusion and judgment of the trial court upon the subject of reimbursement, either entirely or partially, of Fireman's Fund on account of the defense expense incurred by it, are correct.

And it is especially convinced that in the context of its decision the trial court upon that subject arrived at, and adopted, a legally permissible and allowable conclusion, and that such conclusion was, and is, supported and sustained by substantial evidence. And in default of a controlling local determination upon the subject, the trial court's conclusion should be accepted upon appeal, where there is no compelling indication of a contrary local rule. The trial court's present action in that setting should be sustained."

We find no Colorado Statute or Colorado Supreme Court decision adopting a contrary rule.

The motion to dismiss the complaint for failure to state a claim upon which relief may be granted should be granted.

It is therefore ordered that the defendant's motion to dismiss the action is hereby granted and judgment of dismissal of the action shall forthwith enter and defendant shall have judgment against the plaintiffs for its costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.