480 F.Supp. 599 (1979)
FEDERATED MUTUAL INSURANCE COMPANY
v.
PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY.
Civ. No. 2-78-187.
United States District Court, E. D. Tennessee, Northeastern Division.
November 1, 1979.
James W. Fletcher, Gene P. Gaby, Greeneville, Tenn., for plaintiff.
Don L. Smith, Nashville, Tenn., James E. Brading, Johnson City, Tenn., for defendant.

MEMORANDUM
ROBERT L. TAYLOR, District Judge.
After hearing extensive arguments on the law in this case, and the one witness offered by plaintiff, there does not appear to be any dispute as to the material facts. The Court adopts the following findings of fact and conclusions of law:
1. This is an action by one insurance company against another seeking contribution to the extent of a pro rata share of a settlement entered into in a tort action by their common insured and for recovery of a pro rata share of legal expenses incurred by the plaintiff in defending the insured.
2. The plaintiff, Federated Mutual Insurance Company, is a Minnesota corporation with its principal place of business in Minnesota. At all times material to this action the plaintiff was duly licensed and doing business as an insurance company in the state of Tennessee.
3. The defendant, Pennsylvania National Insurance Company, is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material to this action the defendant was duly licensed and doing business in the state of Tennessee.
4. The plaintiff issued a policy to Dublin Truck Leasing Corporation which provided primary automobile liability coverage, under which Ravda Plastics, Inc. was named under an "Additional Insurance Endorsement." Dublin had acquired the policy as a condition of a lease agreement between Dublin and Ravda under which Dublin provided certain trucks to Ravda. Under the policy payments were to be made on a pro rata basis with other insurers of the same loss.
5. The defendant issued a policy to Ravda Plastics, Inc. which provided comprehensive *600 automobile liability coverage. This policy specifically provided that coverage of non-owned or hired vehicles was to be excess only.
6. On November 8, 1974, an automobile accident occurred involving a truck owned by Dublin and leased to Ravda. At that time the policies of both parties were in effect. The accident led to a suit against Dublin filed on July 18, 1975, which was eventually settled for $195,000. Plaintiff paid $100,000, the amount of its policy limit, and defendant paid $95,000, the amount of the settlement in excess of Federated's policy limits.
7. The plaintiff, from the time immediately following the filing of the Tsemelys' claim until shortly before the settlement of that case, neither objected to, nor disagreed with, defendant's repeated statements that its coverage was excess.
8. Plaintiff handled the litigation, including the defense of Ravda.
9. Plaintiff's actions indicated its belief that plaintiff's coverage was primary and the defendant's coverage was excess coverage, as plaintiff did not request defendant to join in the defense of its common insured nor request that defendant contribute to the defense expenses.
10. The insured, Ravda Plastics, did not request that Pennsylvania enter into its defense.
11. Defendant's actions in allowing plaintiff to retain control over the defense were reasonable in light of both parties' understanding that defendant provided only excess coverage and although damages were alleged to be above plaintiff's limits, liability was questionable.
12. There was never an agreement between plaintiff and defendant to share the settlement cost or legal expenses.
As previously indicated, plaintiff's coverage was primary coverage and defendant's coverage was excess coverage. There is no repugnancy between the two contracts. American Surety Company of New York v. Canal Insurance Co., 258 F.2d 934 (4th Cir. 1958).
An insurer who, pursuant to its policy obligations, undertakes the defense of its insured, has no right to contribution to the costs it incurs, from a second insurer absent a request from the common insured that it join in the defense. United States Fid. & Guar. Co. v. Tri-State Ins. Co., 285 F.2d 579 (10th Cir. 1960), and cases cited therein; United States Fid. & Guar. Co. v. Church, 107 F.Supp. 683 (S.D.Cal.1952); Sloan Constr. Co. v. Central Nat. Ins. Co. of Omaha, 236 S.E.2d 818 (S.C.1977); Transamerica Ins. Grp. v. Empire Mut. Ins. Co., 31 Conn. Supp. 235, 327 A.2d 734 (1974).
Where one insurer is primary and another is excess, the former is responsible for all the costs incurred in providing their common insured a defense. Continental Cas. Co. v. American Fid. & Cas. Co., 275 F.2d 381 (7th Cir. 1960); Hardware Mut. Cas. Co. v. Celina Mut. Ins. Co., 209 Va. 60, 161 S.E.2d 680 (1968); American Motorists Ins. Co. v. Kaplan, 209 Va. 53, 161 S.E.2d 675 (1968).
For the foregoing reasons, defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.
It is accordingly ORDERED that the case be, and the same hereby is, dismissed.
Order Accordingly.