PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. CINCINNATI IN-SURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—86—0899

Opinion filed June 29, 1987.

Rammelkamp, Bradney, Dahman, Kuster, Keaton & Fritsche, of Jacksonville (Barbara Fritsche, of counsel), for appellant.

Evan H. Johnson and Frederic L. Kenney, both of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, of appellee.

JUSTICE LUND delivered the opinion of the court:

On April 2, 1986, Pekin Insurance Company (Pekin) filed a declaratory judgment complaint against Cincinnati Insurance Company (Cincinnati) in the circuit court of Logan County seeking reimbursement for an uninsured motorist claim Pekin paid. On November 25, 1986, the court signed an order dismissing the complaint with prejudice. Pekin appeals. We affirm.

The tale leading up to this case commenced with a two-vehicle accident in Logan County on April 11, 1981. This involved Kevin Dorgan, who was injured, and James Oldham, who was driving his mother's car. Dorgan was insured by Pekin. Oldham's mother was insured by Cincinnati. On November 29, 1981, Dorgan filed a negligence suit against Oldham. Oldham was defended by Cincinnati under a reservation of right. Oldham had allegedly taken his mother's car without her permission. Cincinnati was, therefore, denying coverage.

On March 31, 1982, Pekin paid Dorgan $50,000 pursuant to the uninsured motorist provisions of his policy. At the same time, Pekin demanded $50,000 from Cincinnati.

On October 21, 1983, Cincinnati filed a complaint for declaratory judgment against Pekin, among others, to settle the coverage question. On June 5, 1985, Dorgan moved to voluntarily dismiss his per-

sonal injury claim against Oldham. Pekin moved to intervene, but that motion was denied. On June 13, 1985, Dorgan's case was dismissed. Cincinnati then moved to voluntarily dismiss its declaratory judgment action. This was granted over Pekin's objection on August 22, 1985. On April 2, 1986, this action commenced.

The issue presented for review is whether the complaint states a cause of action for declaratory relief. There are two basic requirements for bringing an action for declaratory relief. First, there must be an "actual controversy." (Ill. Rev. Stat. 1985, ch. 110, par. 2—701(a).) The case must present a concrete dispute requiring an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300; *Royal Globe Insurance Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 1003, 1005, 403 N.E.2d 680, 682.) It requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on more abstract provisions of law, render an advisory opinion, or give legal advice as to future events. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300; *Exchange National Bank v. County of Cook* (1955), 6 Ill. 2d 419, 421-22, 129 N.E.2d 1, 3.) The second requirement is that the party bringing the action must be "interested in the controversy." Ill. Rev. Stat. 1985, ch. 110, par. 2—701(a).

On appeal, Pekin argues the complaint does state facts which show an actual controversy exists in that Pekin is seeking contribution from Cincinnati for the claim paid to Dorgan. Contribution is an equitable principle arising among coinsurers which permits one who has paid the entire loss to receive reimbursement from the other insurer liable for the loss. (*Royal Globe Insurance Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 1003, 1005, 403 N.E.2d 680, 682.) It has been recognized in Illinois as a viable cause of action in a declaratory judgment case. 82 Ill. App. 3d 1003, 1005, 403 N.E.2d 680, 682; *Zurich Insurance Co. v. Raymark Industries, Inc.* (1986), 145 Ill. App. 3d 175, 197, 494 N.E.2d 634, 648.

However, a fair reading of the complaint indicates Pekin is not requesting contribution but indemnification. The prayer for relief asks the court to order Cincinnati to reimburse the full $50,000. Further, the complaint does not mention contribution. Pekin's complaint is requesting the court to decide the question of liability between Dorgan and Oldham, and then to order Cincinnati to pay this amount.

It is clear Pekin is seeking to recover from Cincinnati pre-

cisely the same damages it would have been able to recover had it originally brought a personal injury action against Oldham. The law is well settled in Illinois that direct action suits against insurance companies on account of the negligence of its insured prior to obtaining a judgment against the insured are against public policy. (*Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 47, 485 N.E.2d 327, 329; *Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 332-34, 239 N.E.2d 799, 802.) The current case is such a direct action suit, and, inasmuch as such actions are prohibited by public policy, the court was correct in dismissing it. *Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 51, 485 N.E.2d 327, 331.

■ Finally, even if the complaint is viewed to allege a cause of action of contribution, Pekin's argument fails. In any contribution action, there must be identity between the policies as to parties and insurable interests and risks. (*Royal Globe Insurance Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 1003, 1005, 403 N.E.2d 680, 682; *Zurich Insurance Co. v. Raymark Industries, Inc.* (1986), 145 Ill. App. 3d 175, 197, 494 N.E.2d 634, 648.) Pekin asserts the requisite identity exists in that the policies cover the same loss. The injury to Dorgan is covered either by Pekin if Oldham is uninsured, or Cincinnati if Oldham is insured. We disagree. The cited cases involve policies written to cover the same insured and the same risk. Here, Pekin insures Dorgan against uninsured motorists, and Cincinnati insures Oldham's mother for any legal liability due to a traffic accident. No identity exists. Therefore, a claim for contribution must fail.

■ It should be noted Pekin was not left without a remedy after Dorgan dismissed his case. Pursuant to section 2—403(c) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—403(c)), Pekin could have filed an action against Oldham by virtue of its subrogation rights. If Pekin established liability and coverage, then Pekin could have recovered from Cincinnati. Pekin is correct that the availability of a subrogation action does not preclude a declaratory judgment action. Also, Pekin is correct in that judicial economy would dictate that one cause of action is preferable to filing both a declaratory judgment action and a subrogation action. However, Pekin chose the wrong one.

For the above reasons, the decision of the circuit court of Logan County is affirmed.

Affirmed.

GREEN and KNECHT, JJ., concur.