**Kathleen Shaw OPPENHEIMER, et al., Plaintiffs,**

**v.**

**GUZCO GUARANTEE DE PUERTO RICO, et al., Defendants.**

**Civil No. 94–2401 (GG).**

United States District Court, D. Puerto Rico.

Sept. 12, 1997.

**550**

Dennis A. Simonpietri, Hato Rey, PR, for Plaintiffs.

Pierluisi & Mayol–Bianchi, Raul E. Garcia Sanchez, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

Pending before the Court are co-defendants Guzco Guarantee de Puerto Rico, Inc. (Guzco) and El Fénix de Puerto Rico, Inc. (El Fénix) dispositive motions. Plaintiffs (Shaw and Meléndez) filed a response to which defendants have replied. **(Docket entries # 27, 30, 32, 38, 39, and 40).** For the reasons that follow, defendants' motions are hereby **DENIED.**

### BACKGROUND

On or about December 1992 Plaintiffs' checks from their joint account with Banco Popular de Puerto Rico started to be rejected at various commercial establishments. Whenever a check was rejected Mrs. Shaw was given a green slip which had Guzco's name in it, a code number one (1), an address and a telephone number for her to use and find out why the check had been rejected. Mrs. Shaw called the number in the slip several times but did not follow the instructions given on the recorded announcement. Two more checks were rejected on February 1994 but it was not until March 1994 that, after sustaining a telephone conversation with one of Guzco's employees, Mrs. Shaw appeared personally at defendant's offices.

Plaintiffs claim that even though Mrs. Shaw requested an explanation as to why their checks were being rejected, Guzco's employees failed to disclose such information. Instead, she was instructed to fill out a form and was told that she would receive an explanation in writing by mail. Later on, Mrs. Shaw received a letter from Guzco which indicated that their checks were being rejected because of a high risk factor due to their previous filing of a bankruptcy petition. Although plaintiffs informed Guzco that they had never filed a bankruptcy petition, Guzco insisted on the correctness of the information obtained from El Boletín de Puerto Rico.[1]

Plaintiffs Shaw and Meléndez, husband and wife and their conjugal partnership, filed suit against Guzco, alleging "willful failure to comply and or negligent noncompliance" with

---

1. El Boletín de Puerto Rico is an unofficial weekly publication which contains a list of all bankruptcy petitions filings and of all cases for collection of monies filed in the courts of the Commonwealth of Puerto Rico.

the Fair Credit Reporting Act (F.C.R.A.), 15 U.S.C. Sec. 1681, et seq. Specifically, they claim that Guzco failed to follow reasonable procedures in order to assure maximum accuracy of the information they obtained and disclosed. Plaintiffs also argue that Guzco acted contrary to the Act in that on the day of Mrs. Shaw's visit to Guzco's facility, Guzco's employees did not disclose to her the information she requested. Plaintiffs also filed suit against Guzco's insurance agency, El Fénix, for its insured's acts. In addition, plaintiffs seek redress for more damages. Specifically, Mrs. Shaw claimed having been annoyed and mentally disturbed by defendants' actions.

In response, Guzco filed the instant motion for summary judgment, which was originally based on the following three contentions: (1) lack of subject matter jurisdiction because the Fair Credit Reporting Act (F.C.R.A.) is not applicable since Guzco is not a "consumer reporting agency"; (2) plaintiffs' failure to show and/or prove that Guzco acted with malice or willful intent to injure, an alleged requirement of the F.C.R.A.; and, (3) co-plaintiffs Meléndez and the conjugal partnership's lack of standing to sue for not being consumers as defined by the F.C.R.A. Surprisingly, after plaintiffs opposed the motion for summary judgment, defendant Guzco dropped its argument of inapplicability of the F.C.R.A. and conceded that it is in fact a consumer reporting agency.

On the other hand, El Fénix alleges that it is not a consumer reporting agency, hence that it has no responsibility regarding plaintiffs' claims.

## STANDARD ON SUMMARY JUDGMENT

It is well settled that summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 894 (1st Cir.1988).

On the moving party's prima facie showing that it is entitled to summary judgment, the burden of production shifts to the party opposing the motion. An adverse party may not rest upon mere allegations, but must instead reply setting forth specific facts showing that there is a genuine issue for trial. *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995); *Local No. 48 v. United Brotherhood of Carpenters and Joiners*, 920 F.2d 1047, at 1051 (1st Cir.1990). The nonmoving party need not resolve the issue of material fact conclusively in order to avoid summary judgment, but must show sufficient evidence supporting the alleged factual dispute to require a jury or a judge to resolve the parties' differing versions of the truth at trial. *Hoeppner v. Crotched Mountain Rehabilitation Center, Inc.*, 31 F.3d 9, 14 (1st Cir.1994); *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 259 (1st Cir.1994); *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). Throughout this analysis, the court must view the record in the light most favorable to the party opposing the motion, and indulge all inferences favorable to that party. *Celotex*, 477 U.S. at 324–25, 106 S.Ct. at 2553–54; *McCarthy*, at 315; *Santiago Hodge v. Parke Davis*, 909 F.2d 628, 633–34 (1st Cir.1990).

Applying this standard, we have reached the conclusion that Guzco, as the moving party, has not made a prima facie showing that it is entitled to a judgment as a matter of law, thus precluding the proper adjudication of this matter by way of summary judgment.

## DISCUSSION

■ We will first address the issue of Mr. Meléndez and the conjugal partnership capacity to sue. In support of the alleged lack of standing, Guzco simply states "that they were not the affected consumer or individual" as defined by the F.C.R.A. and that no diversity jurisdiction may be asserted by them since they are "citizens" of Puerto Rico like defendants.

Guzco's contention is without merit. Guzco admits that it had erroneous information on Meléndez's file. Meléndez is definite-

ly the affected party which the Act seeks to protect. A review of 15 U.S.C. Sec. 1681o sustains our conclusion: "Any consumer reporting agency ... which is negligent in failing, to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer ..." Also Section 1681e(b) states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Therefore, Meléndez, who is the individual about whom the false information relates, does have standing to sue as well as the conjugal partnership composed by him and his wife, Shaw, whose checks were rejected because of the information supplied by Guzco. See also *Williams v. Equifax Credit Information Services*, 892 F.Supp. 951 (E.D.Mich.1995).

■ On Plaintiffs' failure to allege and prove that the incorrect or false information provided by Guzco was furnished with malice or willful intent to injure them, Guzco makes reference to Section 1681h(e). Guzco alleges that *according to section 1681h(e) of the F.C.R.A. it is entitled to qualified immunity.*

Section 1681h(e) states that: "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer."

However, plaintiffs do not have to prove malice or willfulness, even though there may be, since their claim is not based on defamation and libel.[2] Their claim, as they so state in their Opposition, is for negligent and/or willful noncompliance with the requirements of the Act, actions under Sections 1681n and 1681o which Section 1681h(e) precisely excepts from its prohibition. Therefore, plaintiffs' action is allowed under Sections 1681n and 1681o.

■ Finally, El Fénix's motion for summary judgment, based on an allegation that it is not a consumer reporting agency and that plaintiffs have merely stated that El Fénix should be held liable for being Guzco's insurance agency, is also **DENIED.**

Plaintiffs allege in the complaint that El Fénix subscribed a policy covering plaintiffs' claim against Guzco. It appears from the complaint that the action potentially falls within the coverage of the policy. Cf. *Forum Ins. Co. v. Ranger Ins. Co.,* 711 F.Supp. 909 (N.D.Ill.1989). Moreover, neither party has submitted the insurance policy thus precluding us from being in a position to elucidate the issue, therefore we are not in a position to solve the issue at this moment.

Having considered the averments and the documents submitted by the parties in their briefs, we have reached the conclusion that there are disputed issues of material facts precluding the proper adjudication of this matter by way of summary judgment.

**WHEREFORE,** for the reasons stated above, defendants' motions for summary judgment are hereby **DENIED.**

**IT IS SO ORDERED.**

---

2. Once the consumer disputes the information and the consumer reporting agency fails to investigate or attach a note to the consumer's record, provoking that the allegedly erroneous information be available once more, there may be malice or willful intent to injure. However, we do not make a determination on that issue at this moment.